IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DOOR, INC., | ) ) ) |
| Plaintiff, | ) Civil Action No. 3:18-cv-1444 ) |
| v. | ) **COMPLAINT** ) |
| DOMOS, LLC, | ) JURY DEMAND ) |
| Defendant. | ) ) ) |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Door, Inc. ("Door, Inc.") respectfully files this Original Complaint against Defendant Domos, LLC ("Domos"), and for causes of action shows as follows:

### INTRODUCTION

1. Almost four years ago, Defendant Domos managed to obtain a federal trademark registration for the use of DOOR in connection with "providing investment advice about real estate instrument investments through investment brokerage entities." The registration, which issued simply as a matter of course following partial abandonment of the underlying application, was based on a webpage specimen showing a single improper, token use of the DOOR mark by another entity.

2. Domos has not made any *bona fide* use of the DOOR mark in commerce in connection with the services listed in its registration. To the contrary, it appears that Domos has wholly abandoned the DOOR mark. That is, until its registration was cited in an Office Action on Plaintiff Door, Inc.'s U.S. trademark application for the use of DOOR in connection with "Real estate brokerage services; providing real estate listings via the internet, namely, providing an

1

online interactive website featuring the listing of residential property and commercial property offered for sale."

3. Although Domos has no right or interest in the DOOR mark, it continues to assert that Door, Inc. is infringing its perceived rights and that Door, Inc's application should be finally refused based on a likelihood of confusion between the two parties by consumers.

4. Unwilling to let Domos rely on an invalid registration for an abandoned mark to strong-arm it into capitulation, Door, Inc. has decided to file this action. Door, Inc. is not infringing any valid Domos trademark, and Domos' registration for DOOR should be cancelled. This matter is ripe for a declaratory judgment.

## PARTIES

5. Plaintiff Door, Inc. is a Delaware corporation, having a business address of 14675 Dallas Parkway, Suite 600, Dallas, Texas 75254.

6. On information and belief, Defendant Domos, LLC is a Delaware limited liability company, having a business address of 91 Peter Coutts Circle, Stanford, California 94305.

7. On information and belief, Domos is the owner of U.S. Trademark Registration No. 4580279, the claimed trademark registration that Domos has asserted against Door, Inc., as set forth below.

8. On information and belief, Lempco Industries, Inc. is an Ohio corporation, having a business address of Post Office Box 210, Bath, Ohio 44210.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 2201, and 15 U.S.C. § 1121, because Count 1 is for declaratory judgment for claims involving trademarks, this action involves substantial claims arising under the Lanham Act

(15 U.S.C. § 1051 *et seq.*), and because an actual case or controversy exists between Door, Inc. and Domos.

10. This Court has personal jurisdiction over Domos because Domos has the required minimum contacts with the State of Texas and this District in that it purposefully directed its activities to residents of the State of Texas and this District, it maintains an interactive website that is directed at residents of the State of Texas and this District, and it has created an imminent threat of legal action against a company that is headquartered in Dallas, Texas, by stating that Door, Inc.'s usage of the DOOR mark is likely to cause confusion and that it can bring a lawsuit and intends to enforce its registration.

11. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Door, Inc.'s claims occurred in this District, a substantial part of the property that is subject to this action is situated in this District, and most of the evidence relevant to this action is situated in this District. Additionally, witnesses with knowledge of the facts giving rise to Door, Inc.'s claims reside in Texas, Ohio and California, and the parties' business activities are conducted in Ohio, California, Delaware and Texas.

## DOOR, INC. AND ITS "DOOR" SERVICE MARK

12. Door, Inc. is a licensed Texas real estate brokerage entity that owns and operates the DOOR® next-generation real estate platform, which features an online interactive website with listings of residential and commercial property offered for sale.

13. Door, Inc. has extensively promoted its real estate services in interstate commerce under its well-known DOOR service mark since at least as early as January 3, 2016.

14. Door, Inc. was involved in 75 real estate buying and selling transactions in 2016, just over 300 in 2017, and is projected to complete over 1,000 transactions in 2018. Through this

substantial impact, the public has come to recognize Door, Inc. as the source of the highly-regarded, technology-integrated real estate services offered under its distinctive DOOR mark.

15. Door, Inc. has been the subject of a dozen or more editorial press mentions in television, radio, newspaper, and other mediums.

16. Door, Inc. has spent substantial sums on advertising and promoting its real estate services under its DOOR service mark, and has enjoyed significant exposure nationwide in both paid and unpaid mediums.

17. As a result of widespread, substantial, continuous and consistent use since at least January 3, 2016, Door, Inc. has developed strong rights in its DOOR service mark.

18. On November 15, 2017, Door, Inc. filed U.S. Trademark Application Serial No. 87686121 to register its strong rights in its DOOR service mark in International Class 036 in connection with "Real estate brokerage services; providing real estate listings via the internet, namely, providing an online interactive website featuring the listing of residential property and commercial property offered for sale" (the "Pending Application").

19. However, in an Office Action dated March 8, 2018, the Examining Attorney for the Pending Application refused registration under Section 2(d) of the Trademark Act (15 U.S.C. § 1052(d)) based on existing U.S. Registration No. 4580279 for the mark DOOR in International Class 036 for "Services in connection with owner occupied real estate instruments, namely, providing investment advice about real estate instrument investments through investment brokerage entities" (the "Subject Registration").

## DOMOS AND THE SUBJECT REGISTRATION

20. According to the public records of the U.S. Patent and Trademark Office, the application resulting in the Subject Registration was filed on September 10, 2009, by Lempco Industries, Inc. (the "Lempco Application").

21. On information and belief, Lempco Industries, Inc. is an Ohio corporation, having a business address of Post Office Box 210, Bath, Ohio 44210 ("Lempco").

22. The Lempco Application was filed on an Intent-to-Use basis, and therein Lempco alleged a *bona fide* intent to use the DOOR mark in connection with the following services:

    a. "Computer programs and software for use in connection with owner occupied real estate instruments" in International Class 009; and

    b. "Services in connection with owner occupied real estate instruments" in International Class 036.

23. On June 10, 2010, to overcome an Office Action, Lempco changed the description of services, again alleging a *bona fide* intent to use the DOOR mark in connection with all of the following services:

    a. Computer software for owner occupied real estate instruments, namely, software for providing equity investors with investments in real estate" in International Class 009;

    b. "Services in connection with owner occupied real estate instruments, namely, advising others concerning real estate instruments investments, both directly and indirectly through other entities" in International Class 036;

5

    c. "Services in connection with owner occupied real estate instruments, namely, selecting real estate instruments to enable consumers to evaluate investments and market trends in the securities market" in International Class 035;

    d. "Services in connection with the storage of electronic media, namely, images, text and audio data relating to real estate instruments" in International Class 039;

    e. "Providing temporary use of on-line non-downloadable software for real estate instruments, namely, software for providing equity investors with tools for evaluating investments and market trends in the securities market" in Class 042; and

    f. "Services in connection with real estate instruments, namely, providing advice to investors in selecting real estate instruments to enable consumers to evaluate investments and market trends in the securities market" in Class 045.

24. However, just six weeks later on July 27, 2010, Lempco, through its attorney of record, then authorized an Examiner's Amendment to remove half of those services from the Lempco Application, leaving only the following:

    a. "Services in connection with owner occupied real estate instruments, namely, providing financial indices of select real estate instrument securities to enable consumers to evaluate investments and market trends in the securities market" in International Class 035;

    b. "Services in connection with owner occupied real estate instruments, namely, providing investment advice about real estate instrument investments through investment brokerage entities" in International Class 036; and

      c.  "Services in connection with owner occupied real estate instruments, namely, storage of electronic media in the nature of images, text and audio data all relating to real estate instruments" in International Class 039.

25.    Thereafter, on October 26, 2010, Lempco was issued a Notice of Allowance on the Lempco Application, and after the maximum allowed five extensions of time to make a *bona fide* use of the DOOR mark in commerce, scrambled to file a Statement of Use and specimen on October 21, 2013.

26.    Lempco's Statement of Use alleged a date of first use of the DOOR mark on October 21, 2013—the same day it filed the Statement of Use, and five days before its final deadline to make use of the mark in commerce. A single specimen was submitted in support of all three services descriptions.

27.    The specimen submitted by Lempco, pictured below (the "Specimen"), is described in the Statement of Use simply as a "screen shot."



28.    The only reference in the Statement of Use to the domain name or web page of which the Specimen is a screenshot is the email address "inquiries@door2own.com" in the content of the Specimen.

7

29. The domain name <www.door2own.com> was created by Defendant Domos on October 16, 2013, only five days before Lempco submitted the Specimen and Statement of Use, therein declaring that "Applicant [Lempco] is the owner of the mark sought to be registered, and [Lempco] is using the mark in commerce on or in connection with the goods/services identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce." *See* Exhibit A.

30. On information and belief, the content depicted in the "screen shot" Specimen was not published—that is, was not available for public viewing—at the time the Statement of Use was filed. An internet search conducted on June 4, 2018, revealed no cached content or other evidence of a published website at the <www.door2own.com> domain name prior to April 4, 2018.

31. The Specimen indicates that the copyrights to the Specimen content belong to Domos, not the applicant Lempco.

32. The Specimen, although submitted in support of registration in connection with *services*, repeatedly refers to "DOOR Housing Instruments" and "DOOR instruments" as "equity investment vehicles," which are investment products, or *goods*. Thus, the Specimen merely shows token use of the DOOR mark to *describe goods*, not in connection with the advertisement or rendering of the services listed in the Lempco Application.

33. Additionally, the Specimen does not purport to offer the described goods for sale, but merely provides an email address "for more information."

34. The Examining Attorney issued an Office Action to Lempco on December 3, 2013, refusing the Specimen as insufficient to show the DOOR mark in use in connection with any of the services specified in International Classes 035 and 039.

35. However, the Examining Attorney allowed the Specimen—showing use of the DOOR mark by a *third party* to merely *describe* its *goods*—to support the Lempco Application with respect to "<u>Services</u> in connection with owner occupied real estate instruments, namely, <u>providing investment advice</u> about real estate instrument investments through investment brokerage entities" in International Class 036.

36. On December 15, 2013, nearly two months following Lempco's submission of the Specimen apparently created by Domos, Lempco executed a purported assignment of its rights in the Lempco Application to Domos.

37. Following the December 3, 2013, Office Action, Lempco—or Domos, according to the purported assignment—abandoned the Lempco Application as to International Classes 035 and 039 due to its failure to file any response.

38. Then, on August 5, 2014, almost a year after Lempco assigned its rights in the Lempco Application to Domos, Registration Certificate No. 4580279 for the Subject Registration issued to Lempco as a matter of course for the remaining International Class 036 for use in connection with "providing investment advice about real estate instrument investments through investment brokerage entities."

39. The assignment from Lempco to Domos was finally recorded at the U.S. Patent and Trademark Office on January 22, 2015, over a year after its execution and over five months after the registration certificate for the Subject Registration was issued to Lempco.

**DOMOS HAS NOT USED THE DOOR MARK IN COMMERCE**

40. On information and belief, there is currently no product or service offered to the public by Lempco or Domos under the DOOR mark.

41. A June 4, 2018, web search on <www.Google.com> for "Door Housing Instruments," as used in the "screen shot" Specimen submitted in 2013, returned *zero hits* for the searched phrase. *See* Exhibit B.

42. A June 4, 2018 reverse WHOIS search on <ViewDNS.info> revealed twelve domain names currently registered by Domos. *See* Exhibit C. The following domain names were all created by Domos on October 16, 2013—the same day as the <www.door2own.com> domain name referenced in the Specimen submitted by Lempco: <www.door2own.info>; <www.door2own.net>; www.door2own.org>; <www.door2retire.com>; <www.door2retire.info>; and <www.door2retire.org>.

43. Eleven of the twelve domain names registered by Domos—the <www.door2own.com> domain name referenced in the Specimen submitted by Lempco is discussed more fully below—are either inactive or "parked." *See* Exhibit D.

44. Neither Lempco nor Domos is now making, or has ever made, any *bona fide* use of the DOOR mark in the ordinary course of trade in connection with the services listed in the Subject Registration.

## COMMUNICATION BETWEEN DOOR, INC. AND DOMOS

45. On March 22, 2018, upon receiving the Office Action on its Pending Application, Door, Inc. contacted Domos to inquire as to Domos' intent with respect to the cited—but apparently abandoned—Subject Registration.

46. On information and belief, at some point between March 22, 2018, and April 4, 2018, Domos updated the <www.door2own.com> domain name referenced in the Specimen submitted by Lempco to point to a *published* web page that is substantially similar to the Specimen;

that is, mere token use of the DOOR mark to *describe goods*, not a *bona fide* use in connection with the advertisement or rendering of services listed in the Subject Registration. *See* Exhibit E.

47.	Throughout March, April and May of 2018, Domos continued to assert its purported rights in the DOOR mark against Door, Inc.

48.	On May 31, 2018, Principals for Door, Inc. and Domos connected via teleconference and Domos informed Door, Inc. that it believed there was a likelihood of confusion, and that Door, Inc. needed to change its name.

49.	In a teleconference on June 5, 2018, counsel for Domos again asserted a likelihood of confusion between Domos and Door, Inc. with respect to the services Domos purports to offer under the DOOR mark, and indicated that Door, Inc. was infringing and diluting Domos' rights in the DOOR mark.

## FIRST CAUSE OF ACTION

### Declaration of Non-Infringement

50.	Door, Inc. repeats and realleges each and every allegation set forth in Paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51.	Domos has no rights or interest in the DOOR mark. Additionally, or in the alternative, Door, Inc.'s use of its DOOR service mark is not likely to cause confusion as to the source, sponsorship, or affiliation of Door, Inc.'s services with respect to Domos.

52.	Door, Inc.'s use of its DOOR service mark does not infringe any trademark rights owned by Domos.

53.	An actual, present, and justiciable controversy has arisen between Door, Inc. and Domos concerning the DOOR mark. Door, Inc. and Domos have adverse legal interests. Domos has made clear to Door, Inc. Domos' belief that its DOOR mark is currently being infringed by

Door, Inc., and Door, Inc. has denied any wrongdoing. The dispute between Door, Inc. and Domos is substantial, definite and immediate, and not hypothetical.

54. A declaratory judgment of non-infringement should be entered in Door, Inc.'s favor regarding its use of the DOOR service mark.

55. In order to resolve the legal and factual questions raised by Domos and to afford relief from the uncertainty and controversy which Domos' assertions have precipitated, Door, Ins. is entitled to a declaratory judgment of its rights under 28 U.S.C. §§ 2201-02.

## SECOND CAUSE OF ACTION

### Cancellation of Federal Registration No. 4580279

56. Door, Inc. repeats and realleges each and every allegation set forth in Paragraphs 1 through 49 of this Complaint as if fully set forth herein.

57. The Specimen submitted in support of the Lempco Application does not reference any of the services specified in the Lempco Application, and thereby fails to create a direct association between the DOOR mark and the applied-for services. Therefore, the sole specimen that served as the basis of the Subject Registration is insufficient to support registration of the DOOR mark.

58. Further, the Specimen does not show the DOOR mark in use in commerce in connection with the sale of any goods, whether on the actual goods, packaging, or displays.

59. Domos has not made any *bona fide* use of the DOOR mark in the ordinary course of trade in connection with the services specified in the Subject Registration for over three consecutive years, and Domos has accordingly abandoned the DOOR mark.

60. Accordingly, Door, Inc. believes that it will be damaged by the continued registration of U.S. Registration No. 4580279, and therefore petitions to cancel the registration.

**PRAYER FOR RELIEF**

WHEREFORE, Door, Inc. prays for the following relief:

61. A judgment declaring that Door, Inc.'s DOOR service mark does not infringe any trademark rights owned by Domos, LLC;

62. A judgment declaring that Door, Inc. has the right to use its DOOR service mark, free from interference by Domos, LLC, its officers, agents, employees, attorneys, privies, representatives, successors and assigns, and all persons acting in concert or participation with or under authority from Domos, LLC;

63. A judgment ordering that Domos, LLC, its officers, agents, employees, attorneys, privies, representatives, successors and assigns, and all persons acting in concert or participation with or under authority from Domos, LLC, be permanently enjoined from:

    a. Interfering with or threatening to interfere with the use of the DOOR service mark by Door, Inc. or its related companies, successors or assigns, in connection with its or their business; and

    b. Instituting or prosecuting any suit or other proceeding placing at issue the right of Door, Inc. or its related companies, successors or assigns to use the DOOR service mark in connection with its or their business;

64. A judgment ordering the cancellation of U.S. Trademark Registration No. 4580279;

65. An award of costs in this action;

66. A finding that this case is "exceptional" within the meaning of 15 U.S.C. § 1117 and a corresponding award of attorneys' fees in Door, Inc.'s favor; and

67. Such other or further relief as the Court deems just and proper.

Dated: June 5, 2018                     Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP

/s/ Jason Mueller
_____

Jason E. Mueller
  jmueller@sheppardmullin.com
  Texas Bar No. 24047571
Robert E. Hough II
  rhough@sheppardmullin.com
  Texas Bar No. 24101931
2200 Ross Avenue, Suite 2400
Dallas, Texas 75201
P: 469-391-7400
F: 469-391-7401

**ATTORNEYS FOR PLAINTIFF DOOR, INC.**